IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA S. HARPER                                                                                         PLAINTIFF

vs.                                        Civil No. 4:14-cv-04062

CAROLYN W. COLVIN                                                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Linda S. Harper ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

On April 25, 2011, Plaintiff protectively filed her disability applications. (Tr. 13, 115-117). In those applications, Plaintiff alleges being disabled due to degenerative disc disease, spinal stenosis, pain, a back injury, a neck injury, bipolar disorder, arthritis, anxiety disorder, and acid reflux. (Tr. 134). Plaintiff alleges an onset date of March 31, 2011. (Tr. 13). Both of Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

applications were denied initially and again upon reconsideration. (Tr. 53-56).

Thereafter, Plaintiff requested an administrative hearing on her applications. (Tr. 72-73). This hearing request was granted, and an administrative hearing was held on February 13, 2013 in Texarkana, Arkansas. (Tr. 473-488). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Ms. Parker testified at this hearing. *Id.* On the date of the hearing, Plaintiff testified she was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008) (SSI) and 20 C.F.R. § 404.1563(d) (2008) (DIB). (Tr. 475). As for her education, Plaintiff also testified she had obtained her GED. (Tr. 476).

On March 20, 2013, the ALJ entered an unfavorable decision. (Tr. 10-25). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 31, 2011, her alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and cervical spine with a history of a replaced disc. (Tr. 15-18, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-23, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a general range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The residual functional capacity produced by the medically determinable impairments permits the lifting and carrying of 10 pounds occasionally and less than 10 pounds frequently. The claimant could stand or walk for 2 hours of an 8-hour workday and sit for 6 hours of an 8-hour workday. 20 CFR §404. The claimant should avoid climbing, using ladders, ropes or scaffolds, squatting, kneeling, crawling, and have no reaching overhead. She should avoid exposure to wetness, humidity, vibration, and avoid hazards such as dangerous machinery.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found she was unable to perform any of her PRW. (Tr. 23, Finding 6). Then, the ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 24). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following unskilled, sedentary jobs: (1) cashier with 2,140,00 such jobs nationally and 1,100 such jobs in Arkansas; (2) order clerk with 185,000 such jobs nationally and 3,200 such jobs in Arkansas; and (3) change account clerk with 180,000 such jobs nationally and 1,400 such jobs in Arkansas. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from March 31, 2011 through the date of the ALJ's decision or through March 20, 2013. (Tr. 24-25, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 7). The Appeals Council denied Plaintiff's request for review. (Tr. 1-4). On April 16, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 17, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is

now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff claims the ALJ erred in finding her impairments do not meet the requirements of Listing 1.02 and Listing 1.04. *Id.* This is the only claim Plaintiff raises in her briefing. Thus, this is the only issue the Court will consider.

Plaintiff claims her impairments meet the requirements of both Listings 1.02 and 1.04. Listing 1.02 requires the following:

5

> 1.02 Major dysfunction of a joint(s) (due to any cause): *Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability)* and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or akylosis of the affected joint(s).

(emphasis added). In the present action, Plaintiff has not specified what "gross anatomical deformity" she has. Indeed, Plaintiff does not even allege having a "gross anatomical deformity" in her briefing. Plaintiff has the burden of establishing her impairments meet the requirements of Listing 1.02. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing"). Because Plaintiff has not met her burden of establishing her impairments meet the requirements of Listing 1.02, this Court will not address this issue further.

> Listing 1.04 requires the following:
>
> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With: (A) Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); OR (B) Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; OR (C) Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

In Plaintiff's case, however, she has provided no evidence–or even argument–as to *how* her impairments meet the requirements of Listing 1.04 or even which subdivision (A, B, or C) her impairments meet. Accordingly, Plaintiff has not met her burden establishing her impairments meet

6

the requirements of Listing 1.04.  Thus, this Court will not address this issue further.  *See, e.g., Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that the ALJ failed to properly consider whether his impairments met certain listings where the appellant provided no analysis of relevant law or facts).

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of March 2015.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE